| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, COLORADO<br>100 Jefferson County Parkway<br>Golden, CO   80419<br><br>**Plaintiff: LUCILLE BEAUDRIE**<br><br>vs.<br><br>**Defendant: TWIN CITY FIRE INSURANCE COMPANY, a subsidiary of THE HARTFORD FINANCIAL SERVICES GROUP, INC.**<br><br>Attorneys for Plaintiff:<br><br>M. Gabriel McFarland, No. 26167<br>**EVANS & MCFARLAND, LLC**<br>910 13th St., Suite 200<br>Golden, Colorado 80401<br>Tel 303.279.8300<br>Fax 303.277.1620<br>Email: gmcfarland@emlawyers.com<br><br>Zachary C. McFarland, #30048<br>**MCFARLAND LAW OFFICES**<br>910 13th St., #200<br>Golden, CO 80401<br>Phone Number: 303-277-0202<br>Fax Number: 303-277-1620<br>Email:   zach@goldenlegal.com | DATE FILED: July 3, 2017 12:30 PM<br>FILING ID: 78F45C848B8CA<br>CASE NUMBER: 2017CV31046<br><br>Δ   COURT USE ONLY   Δ<br>------------------------------------------<br><br>Case Number:   _____<br><br>Division:   _____ |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Lucille Beaudrie, by and through M. Gabriel McFarland of Evans and McFarland, LLC and Zachary C. McFarland of McFarland Law Offices, and for her causes of action, states and alleges as follows:

## PARTIES AND VENUE

1.  Plaintiff is, and was at all relevant times, a resident of Jefferson County, Colorado.

2.  At all relevant time alleges herein, Defendant Twin City Fire Insurance Company ("Twin City") was a subsidiary of The Hartford Financial Services Group, Inc. and an Indiana

insurance company selling auto insurance in the State of Colorado.

3. Venue is proper pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

4. On August 25, 2014, Plaintiff was driving her 2012 Ford Focus in Golden, Colorado. Her husband, Eugene Beaudrie, was riding in the vehicle with Plaintiff, in the passenger seat. As Plaintiff turned off of Heritage Road, onto the eastbound ramp for 6th Avenue, she stopped for traffic.

5. While Plaintiff was stopped in traffic, she was rear-ended at a high rate of speed by Michael Cullen who was driving a 2014 GMC Terrain.

6. Mr. Cullen stopped briefly after the accident. Mr. Beaudrie, who was in intense pain, begged Mr. Cullen to help him out of the car. Instead of helping, Mr. Cullen quickly fled the scene because he "had a date."

7. The collision caused severe damage to both vehicles involved in the accident.

8. Plaintiff was properly restrained at the time of this accident, and did not contribute to its cause in any way.

9. Michael Cullen was issued a citation for driving without a valid driver's license, following too closely, failing to remain on scene and render aid after an accident involving injuries, and failure to notify police of an accident.

10. At the time of the accident, Michael Cullen carried auto insurance through Progressive Insurance Company with liability policy limits of $100,000.

11. After Defendant gave written permission for Plaintiff to settle with the at-fault driver, Plaintiff settled with him and Progressive Insurance paid liability policy limits of $100,000.

12. At the time of the accident, Plaintiff carried automobile insurance with Defendant Twin City with Uninsured/Underinsured Motorist limits of $250,000/500,000.

13. As a direct result of the August 25, 2014 auto accident, Plaintiff suffered serious and permanent bodily injuries including but not limited to:

A. Neck
B. Back
C. Shoulders
D. Right eye
E. Headaches

2

14. As a further result of this accident, Plaintiff has incurred:

A. Medical treatment
B. Costs for necessary medical care, treatment and prescriptions
C. Permanent disability and impairment
D. Inability to engage in numerous recreational activities and hobbies
E. Pain and suffering
F. Lost income and lost earning capacity
G. Deprivation of the ability and right to enjoy a full and complete life

15. All the above injuries and damages in paragraph #13 and #14 are and will be past, present, and future. Plaintiff has suffered and will continue to suffer permanent physical injuries.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
### Breach of Contract

16. Plaintiff incorporates by reference the allegations set forth in all paragraphs of this Complaint.

17. At all relevant times alleged herein, Plaintiff carried automobile insurance through Defendant Twin City.

18. Plaintiff's policy of automobile insurance through Defendant Twin City had UM/UIM coverage in the amount of $250,000/500,000.

19. This policy issued by Defendant Twin City obligates them to pay damages, including damages for bodily injury, that the insured (Plaintiff) is legally entitled to in any uninsured/underinsured motorist claim.

20. Michael Cullen was underinsured at the time of the accident, and Plaintiff is entitled to UM/UIM benefits under her Twin City policy.

21. Defendant Twin City has breached this policy of insurance by failing to pay UM/UIM benefits to Plaintiff for the injuries, damages, and losses, in an amount to be determined at trial.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
### Bad Faith Breach of Insurance Contract

22. Plaintiff incorporates by reference the allegations set forth in all paragraphs of this Complaint.

23. As a provider of insurance services to the public, Defendant at all times had a duty

to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

24. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Plaintiff with equal consideration to their own interests.

25. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff by, including but not limited to:

   a. Failing to give equal consideration to the interests of Plaintiff;

   b. When investigating Plaintiff's claims, failing to diligently search for evidence that supported Plaintiff's claims;

   c. Seeking to discover only evidence that would defeat Plaintiff's claims, including but not limited to requiring Plaintiff to undergo an "Independent Medical Examination" with a physician who is not independent and has testified that his job is to "look for problems" with patients he examines;

   d. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

   e. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

   f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   g. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by failing to offer payment of benefits;

26. As a result of Defendant's bad faith, Plaintiff suffered damages in an amount to be proven at trial.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
### Unreasonable Delay/Denial of Benefits

27. Plaintiff incorporates by reference the allegations set forth in all paragraphs of this Complaint.

28. Defendant's delay and denial of Plaintiff's claim for underinsured motorist benefits was, and continues to be, unreasonable in violation of C.R.S. § 10-3-1115.

29. As a result of Defendant's unreasonable delay/denial, Plaintiff suffered damages in an amount to be proven at trial.

30. Pursuant to C.R.C.P. 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

WHEREFORE, Plaintiff Lucille Beaudrie demands judgment against Defendant on her First-Third Claims for Relief, in an amount which will fully and adequately compensate her for all of her injuries, damages, and losses, plus interest from the date of the occurrence pursuant to Colorado statute and the costs sustained in maintaining this action, court costs and expert witness fees, double damages and attorney fees pursuant to statute, and any and all other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial to a jury on all issues so triable.

Dated this 3rd day of July, 2017.

**EVANS & MCFARLAND, LLC**

*The original signature is on file at Evans & McFarland, LLC*

By:   /s/ M. Gabriel McFarland
     M. Gabriel McFarland

MCFARLAND LAW OFFICES
     Zachary C. McFarland

ATTORNEYS FOR PLAINTIFF

Plaintiff's Address:

10921 W. Louisiana Ave.
Lakewood, CO 80232